REBECCA NARMORE
Assistant Attorney General
Agency Legal Services Bureau
1712 Ninth Avenue
P.O. Box 201440
Helena, MT 59620-1440
Telephone: (406) 444-5846
Facsimile: (406) 444-4303
Rebecca.Narmore@mt.gov

COUNSEL FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JORY STRIZICH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DUSTIN PALMER,<br><br>　　　　Defendant. | Case No. CV 21-22-H-SEH<br><br>**DEFENDANT'S PRELIMINARY PRE-TRIAL STATEMENT** |

　　　　Defendant Dustin Palmer submits this Preliminary Pre-Trial Statement as required by the Court's October 5, 2021 Order (Doc. 15).

**A.　Brief Factual Outline of Case**

　　　　This Court determined that Plaintiff Jory Strizich (Strizich) alleged sufficient facts to state a claim alleging that his rights were violated pursuant to 42 U.S.C. § 1983 alleging that Defendant Dustin Palmer (Defendant Palmer)

deliberately fabricated evidence and filed a false report against him in retaliation for filing grievances and threatening to file lawsuits. (Doc. 2 ¶ I).

1) Defendant Palmer has answered the Complaint and denied there is any basis for Strizich's claims. Strizich alleges that Defendant Palmer, a corrections officer with the Montana Department of Corrections, fabricated evidence and filed a false report stating that he found a white crystal substance in clear plastic wrap inside the top dresser drawer of Strizich's during a search of his cell. (Doc. 2 ¶ 26). Strizich alleges that the white crystal substance was deliberately fabricated by Defendant Dustin Palmer in retaliation for Strizich's grievances and complaints filed (Doc. 2 ¶ I).

2) Strizich alleges that Defendant Palmer fabrication of evidence and false report were done so to:

    A. Violate his 14th Amendment right to file suits and grievances;

    B. Violate his 1st Amendment right;

    C. Violate his rights under the Constitution and law.

**B. <u>Basis for Jurisdiction and Venue</u>**

This Court has jurisdiction under 28 U.S.C. § 1331 because Strizich's complaint alleges a state employee violated his civil rights under 42 U.S.C. § 1983. The Helena Division is the proper division for venue as the events alleged

by Strizich occurred at the Montana State Prison ("MSP") in Powell County where he was incarcerated until July 20, 2021. L. R. 3.2(b)(3) and 1.2(c)(4).

C. **Factual Basis of Defenses**

During a random search of the A Unit Block 120 on the morning of April 20, 2018, Defendant Palmer discovered what he believed to be contraband in the search of Strizich's cell. (*See* Exhibit A). Defendant Palmer was acting under the direction of Sergeant Dawn Phillpott (Jones) who had ordered the random search as a result of positive drug tests of inmates. Strizich tested positive for THC on April 19, 2018. (*See* Exhibit B).

While searching Strizich's dresser, Defendant Palmer discovered three (3) pieces of plastic wrap that contained a white crystal substance. He seized the substance, completed the search, and returned to the sergeant's office. There, he opened the plastic wrap and discovered the white crystal substance which was then turned over to his sergeant. Sgt. Phillpott (Jones), following proper procedures, turned the white crystal substance over to command post where it was placed in evidence bags and given to Investigator Sherry Glovan. (*See* Exhibit C).

To the extent Defendant Palmer searched Strizich's cell on April 20, 2018, he did so in accordance with proper procedures and preserved the chain of custody for the contraband seized. Investigator Glovan performed a field test on the substance which showed a positive presumptive for methamphetamine. ( *See*

Exhibit D). Strizich was then placed in pre-hearing confinement and charged with a major infraction 4107- possessing, introducing, using narcotics (*See* Exhibit C). A disciplinary hearing was held in which Strizich was found guilty and sanctioned with thirty days detention. (*See* Exhibit E).

The crystal substance was forwarded to the Montana Crime Lab for analysis. While awaiting the lab analysis, Strizich was held in detention status until the lab analysis was confirmed. On November 28, 2018, the Montana State Crime Lab completed the Chemical Analysis Report determining no controlled substances identified. The disciplinary infraction against Strizich was dismissed. (*See* Exhibit F).

From the time of the major infraction 4107 on April 20, 2018, Strizich failed to file a timely grievance against staff member Defendant Palmer. MSP 3.3.3(F)(1). Pursuant to the Inmate Grievance Program Procedure No. MSP 3.3.3 (F)(1), inmates must first present an issue of concern within five (5) working days of the action or omission that caused the complaint. Strizich failed to do so.

**D.    Legal Theory of Defenses**

The undisputed record establishes that Strizich has failed to exhaust administrative remedies that were afforded to him, and which could have provided him relief in response to his claims. Moreover, the record undisputedly shows that the Palmer did not violate any rights as alleged by Strizich.

4

**A.     Strizich has failed to exhaust administrative remedies with respect to his claims.**

The Prison Litigation Reform Act of 1995 (the "PLRA") provides:

No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "This exhaustion requirement is mandatory," and "requires compliance with both procedural and substantive requirements set forth by prison grievance processes in order to ensure that the prison receives the opportunity to correct its own mistakes . . . before it is haled into federal court." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (internal quotation marks omitted).

Non-exhaustion of administrative remedies is an affirmative defense. *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 2016 (2007)).  " [a] prisoner must now exhaust administrative remedies event where the relief sought-monetary damages- cannot be granted by the administrative process." *Woodford v. Ngo,* 548 U.S. 81, 85, (2006) *citing Booth v. Churner,* 532 U.S. 731,734 (2001).

MSP Procedure 3.3.3, in effect at all times material to this lawsuit (the "Grievance Procedure"), establishes an internal grievance process that permits prisoners to grieve "issues including, but not limited to, health care, staff conduct, written policy or procedures, all other standard grievance matters such as

property, food service, conditions of confinement," or other issues. The process includes multiple levels of review, including appeal to DOC, with prescribed forms and deadlines for prisoners and responding officials.

MSP Grievance Procedure afforded Strizich opportunities to file an action against Corrections Officer Dustin Palmer, but Strizich did not avail himself of those opportunities in a timely manner. Now, Strizich is seeking to bypass the MSP Grievance Procedure which denies MSP the opportunity to address his grievance internally before allowing the initiation of a federal case. Consequently, with Strizich having failed to exhaust his available remedies, this case should be dismissed. "Finally, exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983." *Id.*

Defendant Palmer did not violate Strizich's rights on April 20, 2018, and he did not file false reports or fabricate evidence. In searching of inmate's cells, Defendant Palmer was acting within the course and scope of his employment and under the direction and supervision of Sgt. Dawn Phillpot (Doc. 2-1). Defendant Palmer turned the crystal substance over to his segreant, Dawn Phillpott, who then transported the substance to command post where it was locked into evidence. (*See* Exhibit C). Investigator Sherry Glovan performed a field test on the white crystal substance which resulted in a positive presumption for methamphetamine.

With a presumptive positive test for methamphetamine, the proper procedures of MSP for a major infraction, were followed by placing Strizich in pre-hearing confinement on April 20, 2018 and a subsequent hearing in compliance with MSP 3.4.1(III)(B).  Strizich was found guilty and sentenced to thirty (30) days detention with credit for the four (4) days he had been in pre-hearing confinement.  (*See* Exhibit D).  At the conclusion of the hearing, Strizich properly appealed the decision of the hearing officer who provided him with the proper appeal forms.  The finding of guilt was upheld by Assistant Warden Wilson on April 30, 2018.  At this point in time, Strizich still had not filed a grievance against any staff member alleging staff misconduct or the fabrication of evidence.

It was not until August 25, 2018 that Strizich filed a staff misconduct grievance alleging that Defendant Palmer fabricated  evidence.  This grievance was filed over four (4) months after the search of his cell and outside the requisite time allowed for a grievance. (MSP 3.3.3 F(1)).  In his untimely filed grievance, Strizich alleges that Grievance Coordinator Regina Dees-Sheffield granted him permission to file outside the required time pursuant to MSP Grievance Policy.  (*See* MSP 3.3.3 F(6) & MSP 3.3.3 E(3)).  This allegation is unsupported by the evidence. An extension of time limitations can be granted for good cause shown in exceptional circumstances.  However, it must be documented in writing .  (MSP

3.3.3 F(3)). There is no documentation from former employee, Grievance Coordinator Dees-Sheffield, indicating that she had granted Strizich a right to exceed the five-day filing requirement as provided for in MSP 3.3.3 E(3).

When that grievance was not processed, Strizich again filed a grievance on September 28, 2018 which was also rejected as untimely. He was informed that the August 25, 2018 grievance was clearly outside the grievance procedure timeframe for an event that occurred on April 20, 2018. There was no further action taken by Strizich on this issue until suit was filed on March 23, 2021. (Doc 1).

### B.  Defendant Palmer did not violate Strizich's rights under federal law or the United States Constitution.

Defendant Palmer was acting within the course and scope of his employment at the time of this search, and he did not violate the constitutional rights of Strizich. The search of Strizich's cell and discovery of a white crystal substance were all within the course and scope of his employment as a corrections officer and under the direction of Sgt. Dawn Phillpott (Jones) at the time of the search. (Doc. 2-1 pg. 4).

There is no evidence that Defendant Palmer fabricated evidence or filed a false report. Strizich's allegations are that Defendant Palmer went into his cell to "assist the other officers with the shakedown." (Doc. 2 ¶25) Then, Strizich alleges

that Defendant Palmer planted a white crystal substance in clear plastic kept in his top dresser drawer. (Doc. 2 ¶26).

Strizich alleges that the violation of his First Amendment right was the actions of Defendant Palmer in fabricating evidence and filing a false report to "chill" his filing of grievances and lawsuits. Defendant Palmer was unaware of the lawsuits and grievances filed by Strizich.  Further, Strizich alleges that Defendant Palmer violated his Fourteenth Amendment right to due process by the fabricating evidence and filing a false report that was utilized to charge him with a major infraction.  A hearing was held in which Strizich was found guilty. Upon a determination of guilty by the hearing officer, Strizich's status changed from pre-hearing confinement status to detention status.  There was no physical placement of Strizich in a more restrictive environment, but simply a change in the label of his confinement status.  Thus, there was no Due Process violation in subjecting a prisoner to administrative segregation because such segregation is within the "expected parameters of the sentence imposed. *Sandin v. Conners,* 515 U.S. 472, 485 (1995).  As in the *Sandin* case, the finding of guilt was expunged from the inmates file when circumstances resulted in the crystal white substance not being a controlled substance.

Strizich failed to timely file a grievance against Defendant Palmer for the conduct he alleges occurred on April 20, 2018.  By failing to timely file a

grievance against Defendant Palmer, Strizich has thwarted the purpose of the PLRA. "The PLRA attempts to eliminate unwarranted federal court interference with the administration of prisons, and thus seeks to affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo,* 548 U.S. 81, 94 (2006), (citing *Porter v. Nussle,* 534 U.S. 516, 525 (2002)). "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." *Woodford* at 94.

By failing to timely grieve this alleged incident, MSP was unable to identify witnesses and question them while their memories were fresh, and evidence could be gathered and preserved. "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Id.*

### C. Qualified immunity.

"Law enforcement officials are entitled to qualified immunity even where their conduct violated a constitutional right unless that right was clearly established at the time of the violation." *Ae Ja Elliott-Park v. Manglona,* 592 F.3d 1003 (9th Cir. 2010) citing, *Saucier v. Katz*, 533 U.S. 194, 202 (2001). "The fate of an official with qualified immunity depends upon the circumstances and

motivations of his actions, as established by the evidence at trial."  *See Scheuer v. Rohades,*  416 U.S. 232, 238-239 (1974).

"Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Sjurset v. Button*, 810 F.3d 609, 614 (9th Cir. 2015) (internal quotation marks omitted). Qualified immunity therefore "protects all but the plainly incompetent or those who knowingly violate the law." *See District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (internal quotation marks omitted).  Qualified immunity is "an immunity from suit rather than a mere defense to liability" that "is effectively lost if a case is erroneously permitted to go to trial."  *Pearson v. Callahan,*  555 U.S. 223, 231 (2009), (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Defendant Palmer was acting within the course and scope of his employment on April 20, 2018 when he was directed to search inmate cells.  At the time of the search, Defendant Palmer was unaware of Strizich's reputation for filing numerous grievances and lawsuits as he had only been employed with MSP for short period of time.  Sgt. Phillpott (Jones) filed an MSP/MCE EMPLOYEE POSITIVE ACTION REPORT FORM in which Defendant Palmer was commended for job well done.

**E.**     **Computation of Damages**

Strizich's complaint seeks injunctive and declaratory relief along with compensatory and punitive damages. Defendant Palmer contends that Strizich is not entitled to compensatory and punitive damages. Strizich has failed to grieve any complaints against Defendant Palmer.

## F. Related Litigation

In addition to this suit, Plaintiff has one case pending in the United States District Court for the District of Montana: *Strizich v. Guyer,* Case No. CV 20-40-22-H-BMM-JTJ. Plaintiff also has one case pending in the United States Court of Appeals for the Ninth Circuit: *Strizich v. Batista*, et al., Case No. 18-36008.

## G. Proposed Stipulations of Facts

a. At all times relevant, Plaintiff was incarcerated at the Montana State Prison.

b. At all times relevant to the complaint, Defendant Palmer was an employee of the Montana Department of Corrections acting within the course and scope of his employment as a corrections officer.

## I. Controlling Issues of Law Suitable for Pretrial Disposition

a. Whether Plaintiff exhausted his administrative remedies as required under PLRA.

b. Whether Plaintiff has stated a claim under 42 U.S.C. § 1983.

c. Whether Defendant is entitled to qualified immunity.

    d.    Whether any genuine issue of material fact exists as to whether Defendant violated Plaintiff's constitutional rights.

## J.    <u>Names of Individuals Known or Believed to Have Information and Summary of that Information</u>

    <u>Dustin Palmer:</u>    Defendant Dustin Palmer was employed as a corrections officer and has knowledge of the facts and circumstances giving rise to his defenses against the Strizich's claims.

    <u>Dawn Phillpott</u>: Sgt. Dawn Phillpott, now known as Dawn Jones, was the segreant in charge of the shift on April 20, 2018. She has knowledge of the facts and circumstances giving rise to the search of Strizich's cell and issued the direction to employees to conduct the search.

    <u>Segreant Franks</u>- Segreant & Corrections Officer Franks has knowledge of the facts and circumstances giving rise to the incident the day prior to the search of Strizich's cell involving two inmates and a coffee bag.

    <u>Christine Klanecky</u>- Disciplinary Hearing Officer who presided over the disciplinary hearing of Strizich and has knowledge of facts and circumstances that lead to Strizich being determined guilty of possessing, introducing, or using narcotics.

    <u>Sherry Glovan-</u>  Investigator with the Office of Investigations, DOC has knowledge and facts of the crystal substance that tested presumptive positive for methamphetamine.

<u>Investigator Patrick Martin-</u> Crime Investigator with the Office of Investigations who has knowledge and facts of the field test conducted on the crystal substance.

<u>Patrick Martin-</u> Investigatory with the Office of Investigations who was present during the field test.  He has knowledge of the facts and circumstances with regard to the field test.

<u>Bahne A. Klietz-</u> Chemist with the Montana Department of Justice Forensic Science Division who has knowledge and information regarding the testing of the crystal substance.

**K.**     **<u>Insurance Coverage-</u>** Defendant Palmer is being sued in his individual capacity while acting under "color of state law." (Doc. 2 ¶ 5).  Defendant Palmer was acting within the course and scope of his employment at all times relevant to this suit.  The State of Montana does not precure insurance.  Any settlement or judgment would be paid pursuant to Mont. Code Ann. § 2-9-305(4) and § 2-9-315.

**L.**     **<u>Status of Settlement Discussions and Prospect for Compromise</u>**

Prior to relocation out of the state, Plaintiff made an offer to settle this case along with his other pending federal cases. Plaintiff's offer was declined. Defendant Palmer remains open to settlement offers and will attend any court-ordered mediation in good faith.

**M.** **Suitability of Special Procedures:** Defendant Palmer requests that the Court stay discovery and other proceedings until the question of exhaustion has been addressed and decided. In the alternative, Defendant Palmer requests that discovery be limited to the issue of exhaustion and include a deadline for the production of exhibits related to the exhaustion issue.

DATED this 3rd day of December, 2021.

By: */s/Rebecca Narmore*
REBECCA NARMORE
Assistant Attorney General
1712 Ninth Avenue
P.O. Box 201440
Helena, MT 59620-1440
*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I hereby certify that on December 3, 2021, I caused a copy of the foregoing Initial Disclosure Statement to be served on the following persons by the following means:

1. Clerk, U.S. District Court- CM/ECF

2. Jory Strizich, #437339
   Cheshire Correctional Institution
   900 Highland Ave.
   Cheshire, CT 06410

By: */s/ REBECCA NARMORE*
REBECCA NARMORE
Assistant Attorney General