LIZ LEMAN
Assistant Attorney General
Agency Legal Services Bureau
1712 Ninth Avenue
P.O. Box 201440
Helena, MT 59620-1440
Telephone: (406) 444-5857
Facsimile: (406) 444-4303
Elizabeth.Leman@mt.gov
*Counsel for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JORY STRIZICH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DUSTIN PALMER,<br><br>　　　　Defendant. | Case No. CV 21-00022-H-SEH<br><br>**AFFIDAVIT OF BILLIE REICH** |

STATE OF MONTANA　　) 
　　　　　　　　　　　　:ss
County of Powell　　　　)

I, Billie Reich, being duly sworn, state as follows:

1.　　I am a competent adult citizen of the State of Montana, I am competent to testify, and I have personal knowledge of the matters described herein.

2.　　I have been employed at the Montana State Prison since May 2006, holding a number of different roles. Currently and since July 2021, I have been the

Associate Warden of Technical Services. From November 2017 until October 2019 – the time of the facts alleged in this case – I was a Program Manager. My duties as a Program Manager included overseeing the MSP mailroom and MSP's internal disciplinary, classification, and grievance programs.

3. In my role as TCS Associate Warden, I oversee the receipt and tracking of all grievances and appeals filed by MSP inmates. This position also authorizes me to access records of grievances and appeals filed by MSP inmates.

4. Attached as Exhibit D to this affidavit is a true and correct copy of MSP Operational Procedure 3.3.3, as in effect at all times material to this lawsuit (the "Grievance Procedure").

5. The Grievance Procedure establishes an internal grievance process that permits prisoners to grieve "issues including, but not limited to, health care, staff conduct, written policy or procedures, all other standard grievance matters such as property, food service, conditions of confinement," or other issues. Ex. D at § III.B.I. The process includes multiple levels of review, including appeal to DOC, with prescribed forms and deadlines for prisoners and responding officials. *See generally* Ex.D.

6. In particular, the Grievance Procedure provides that inmates "must first present an issue of concern on an *Inmate/Offender Informal Resolution Form*... to his assigned Unit Manager (UM) or designee within five working days

of the action or omission that caused the complaint, in an attempt to resolve the issue before filing a formal grievance." Ex. D at § III.F.1. "After filing an informal resolution [...], the inmate may submit a written statement of his issue by filling out an *Inmate/Offender Grievance Form* . . . and placing it in the locked collection box located in the housing unit lobby." Ex. D at § III.C.2. "All formal grievances and appeals will be processed through the Grievance Coordinator (GC), or designee." Ex. D at § III.C.1. "If an inmate fails to receive a timely response from a staff member as set forth in [the Grievance Procedure], the inmate may file the appropriate forms to advance to the next level of the grievance program." Ex. D at § III(D)(4).

7. "The scope of available administrative remedies" under the Grievance Procedure "is broad" and can even include "modification of institutional operational procedure or practice," in addition to "other remedies that will meaningfully solve the problem presented." Ex. D at § III.Q.1.

8. All the necessary procedures explaining the grievance appeal process are available in the inmate library at MSP. The forms essential to file an informal resolution or formal grievance are available in the units, through unit staff, or from me directly (e.g., if an inmate sends a kite to me asking for a form). The appeal forms are given to the inmate when the response to the formal grievance is delivered. If an inmate believes a response is past due, he may send a kite, or ask

staff to contact me for the next step appeal. In my experience, this is common knowledge among the inmates, and I have often provided forms to inmates upon their request.

9. I am almost always available during regular working hours to answer inmates' questions on the grievance process at MSP. If an inmate indicates to me (for example, by kite to me) that they have a question on the grievance process, I will always try to answer their questions and/or provide copies of the applicable policies or forms – either in writing or in person. I have often answered questions from inmates in the past to help them appropriately fill out grievance forms. I also tell the case managers and sergeants in the units to direct the inmates to me with questions they have, and I answer questions from the case managers and sergeants. If a case manager, sergeant, or inmate were to indicate to me that an inmate was so confused about the process as to require a re-orientation, then I would offer that inmate the option of attending another orientation in their current housing unit.

10. Records of grievances and appeals filed by MSP inmates under the Grievance Procedure are maintained using the Offender Management Information System ("OMIS"). Those records are: (1) made at or near the time that the grievances and appeals are received by applicable MSP staff and (2) made and kept as a regular practice in the course of MSP's regularly conducted activity of receiving and processing grievances and appeals.

11. I have researched grievances and appeals filed by Strizich through July 15, 2022. Prior to the search of Strizich's cell that he challenges in this lawsuit, Strizich had properly filed grievances and appeals with respect to other issues. Specifically, Strizich had correctly initiated the grievance process by filing Informal Resolutions, had correctly continued the process by filing Inmate/Offender Grievance Forms, and, when his grievances had been denied, had correctly appealed to the Warden and DOC and exhausted his administrative remedies.

12. However, Strizich has not completed the grievance process in accordance with the Grievance Procedure with respect to his claims in this lawsuit. Specifically, Strizich filed an Informal Resolution Form on August 25, 2018, complaining that Palmer "deliberately fabricated evidence against me" and that DHO Christine Slaughter, who found Strizich guilty of possessing a narcotic, and AWOP Thomas Wilson, who affirmed her decision, had continued with their activities "despite the fact that they both knew I was innocent," which "amounts to staff misconduct." This form was not processed since it applied to disciplinary actions, which have their own appeal process.

13. On September 28, 2018, Strizich filed a formal grievance realleging the basic facts of his August 25 informal resolution.

14. I personally responded to the September 28, 2018 grievance and informed Strizich that I was returning his grievance as untimely because the Informal Resolution Form dated August 25, 2018 referenced an incident that occurred on April 20, 2018, which is clearly outside the time frame in the grievance procedure. Exhibit F (Inmate/Offender Grievance Form No. 11270).

DATED this __15__ day of July 2022.

_____
BILLIE REICH

SUBSCRIBED AND SWORN to before me this __15__ day of July 2022.

KRISTY M. COBBAN
NOTARY PUBLIC for the
State of Montana
Residing at Anaconda, Montana
My Commission Expires
October 30, 2025

_____
Signature of Notary Public