IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JORY STRIZICH,<br><br>Plaintiff,<br><br>vs.<br><br>DUSTIN PALMER,<br><br>Defendant. | CV 21-00022-H-SEH<br><br><br>ORDER |

Before the Court is Defendant's motion for summary judgment.[1] An extension of time to respond to the motion was granted.[2] None was filed.

I. **Background**

This is a *pro se* prisoner civil rights action against Defendant in his individual capacity under 42 U.S.C. § 1983. Plaintiff alleges First and Fourteenth Amendment constitutional violations for Defendant's alleged fabrication of evidence and the filing of a purportedly false report in retaliation for Strizich's filing of grievances and lawsuits.[3]

---

[1] Doc. 45.
[2] Doc. 54.
[3] *See generally* Doc. 2.

Defendant seeks summary judgment arguing the absence of material fact regarding Plaintiff's failure to exhaust administrative remedies prior to filing suit.[4] Strizich did not respond.

## II. Discussion

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude summary judgment.[5] The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact.[6] Movant is entitled to summary judgment if the non-moving party fails to present by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial."[7]

Local Rule 56.1(d) provides "[f]ailure to file a Statement of Disputed Facts will be deemed an admission that no material facts are in dispute." Strizich did not file a response to the summary judgment motion and did not file a statement of disputed facts.

---

[4] *See generally* Doc. 45; *see also* Doc. 46.
[5] *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also* Fed. R. Civ. P. 56(c).
[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[7] *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(c).

**III. Analysis**

Strizich failed to file an opposition to Defendant's motion for summary judgment. No genuine issues of material fact preclude summary judgment.

Moreover, Defendant has established that Strizich failed to exhaust administrative remedies, as required under the Prison Litigation Reform Act (PLRA).[8] A prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."[9] The exhaustion requirement is mandatory regardless of the relief sought.[10] Prison regulations define the exhaustion requirements.[11]

The Montana State Prison requires an inmate to initiate grievances by submitting an Informal Resolution Form to the Unit Manager within "five working days of the action or omission that caused the complaint, in an attempt to resolve the issue before filing the formal grievance."[12] Here, Strizich filed an Informal Resolution Form on August 25, 2018, for an incident that occurred on April 20,

---

[8] Prisoners seeking relief under § 1983 must exhaust all available remedies prior to bringing suit. 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 199–200 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").
[9] *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).
[10] *See Booth v. Churner*, 532 U.S. 731, 743 (2001).
[11] *Jones v. Bock*, 549 U.S. 199, 211 (2007).
[12] *See* Doc. 47-5 at 4, ¶ 1.

3

2018, which was denied as untimely.[13] A formal grievance was denied on November 13, 2018, as untimely.[14]

Three general situations may render a prison or jail grievance process unavailable. First, an administrative procedure is not available, and therefore need not be exhausted "when (despite what regulations or guidance materials may promise) it operates as a simple dead end–with officers unable or consistently unwilling to provide any relief to aggrieved inmates."[15]

Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it."[16] "When rules are so confusing that no reasonable prisoner can use them, then they are no longer available."[17]

Finally, administrative remedies will be deemed unavailable if "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation" or if administrators otherwise interfere with an inmate's pursuit of relief.[18]

---

[13] *See* Doc. 47-6.
[14] *See* Doc. 47-7.
[15] *Ross v. Blake*, 578 U.S. 632, 643 (2016).
[16] *Id.* at 643–44.
[17] *Id.* at 644 (internal quotation marks and alteration omitted).
[18] *Id.*

None of these three scenarios described above apply here. The undisputed facts show Strizich had available remedies to pursue, but he filed his grievance outside of the applicable time frame. His claims are barred by his failure to exhaust administrative remedies.

**ORDERED:**

1. Defendant's motion for summary judgment[19] is **GRANTED**.

2. The Clerk of Court is directed to close this matter and enter judgment in favor of Defendant under Fed. R. Civ. P. 58.

3. The Clerk of Court is additionally directed to have the docket reflect the Court **CERTIFIES** under Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 28th day of September, 2022.

Sam Haddon
United States District Court Judge

---

[19] Doc. 45.

5