IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JORY STRIZICH, | CV 21-00022-H-SEH |
| Plaintiff, | |
| vs. | ORDER |
| DUSTIN PALMER, | |
| Defendant. | |

Pending before the Court is Plaintiff Jory Strizich's (Strizich) Motion to Alter or Amend the Judgment.[1] Defendant Dustin Palmer (Palmer) moved for summary judgment on July 15, 2022.[2] Despite being granted an extension to respond, Strizich failed to file a response. Upon review, the Court granted Palmer's summary judgment motion on September 28, 2022.[3]

On October 11, 2022, after entry of judgment, the Court received Strizich's response to the summary judgment motion dated September 5, 2022.[4] Strizich also filed a Statement of Disputed Facts on October 11, 2022.[5] Palmer was directed to file a responsive pleading, addressing both the summary judgment argument and

---

[1] Doc. 61.
[2] Doc. 45.
[3] Doc. 55.
[4] Doc. 57.
[5] Doc. 58.

the timeliness issue.[6] He timely complied.[7] Strizich then filed the Rule 59(e) Motion to Alter or Amend the Judgment.[8] Each filing will be addressed in turn.

## I. Summary Judgment

Strizich failed to file a response to the Motion for Summary Judgment. No issues of material fact precluded granting the motion.[9] Moreover, Strizich failed to exhaust administrative remedies, as required by the Prison Litigation Reform Act.[10]

This Court noted, under *Ross v. Blake*,[11] three general situations may render a prison or jail grievance process unavailable[12] and held none of the three scenarios applied to Strizich's situation. The undisputed facts demonstrated Strizich had available remedies to pursue, but that he filed his grievance outside of the applicable timeframe.[13] Strizich's claims were barred by his failure to exhaust his administrative remedies.[14]

Strizich argues summary judgment should be denied because the prison grievance process was not "available" to him to exhaust his remedies under the circumstances outlined in *Ross*.[15] He claims he was granted leave to file a late

---

[6] Doc. 59.
[7] Doc. 60.
[8] Doc. 61.
[9] *See* Doc. 55 at 3.
[10] *Id.* at 3–4.
[11] 578 U.S. 632 (2016).
[12] Doc. 55 at 4.
[13] *Id.* at 5.
[14] *Id.*
[15] *See* Doc. 57 at 4.

grievance by Grievance Coordinator Regina Dees-Sheffield. This accommodation was made, according to Strizich, after she had initially advised him that the April 20, 2018, event was non-grievable because it stemmed from an underlying disciplinary and/or classification issue which had a separate appeals process.[16] Strizich further claims that once he filed the grievance as directed by Dees-Sheffield, the grievance was improperly denied as untimely by Program Manager Billie Reich.[17]

Palmer argues Strizich failed to produce evidence from Dees-Sheffield that she initially provided Strizich improper advice or that she later granted him permission to file a late grievance.[18] Further, Palmer notes Strizich's only evidence of Dees-Sheffield's statements are his own inadmissible hearsay allegations and that Strizich's reliance upon the "party-opponent" rule of Fed. R. Evid. 801(d)(2) is inapplicable because neither Dees-Sheffield nor her employer are parties to this action.[19] Additionally, Palmer argues Strizich must produce evidence of what Dees-Sheffield purportedly said.[20]

---

[16] *Id.*
[17] *Id.* at 4–5.
[18] Doc. 60 at 6–7.
[19] *Id.* at 7.
[20] *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 330–31 (1986); *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014)). The defendant bears the ultimate burden of proving failure to exhaust. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If the defendant initially shows (1) an available administrative remedy existed and (2) the prisoner failed to exhaust that remedy, then the burden of production shifts to the plaintiff to bring forth evidence "showing that there is something in his particular case that made the existing and generally available administrative

3

Strizich has presented no evidence that he was granted an extension of time within which to file a grievance or that he was prevented or thwarted from filing a timely grievance.[21] Strizich failed to exhaust his administrative remedies. No dispute of material fact is shown. Summary judgment in favor of Palmer is appropriate.

Additionally, Strizich could not have filed an inmate/offender informal resolution form within five working days of the act or omission that caused the complaint, because at that time, Strizich had not made any allegation against Palmer.[22] On April 24, 2018, four days after the incident at issue, Strizich suggested the crystalline substance found during the search of his cell was laundry detergent.[23] Moreover, Strizich did not complain about any behavior exhibited by Palmer. Rather, he stated that the officer's assumption that the white crystalline substance that was recovered was a drug was a "reasonable one."[24]

Strizich did not claim until May 3, 2018, that it was Palmer who planted the drugs to retaliate against him.[25] On May 20, 2018, in conjunction with his visiting suspension appeal, Strizich alleged that Palmer "brought the meth into the prison to

---

remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172.
[21] *Id.*
[22] *See e.g.,* Inmate Grievance Program at 4, Doc. 58-2 at 29.
[23] Doc. 58-2 at 7–8.
[24] *Id.* at 8.
[25] *Id.* at 22.

4

plant it and then take all the credit and acknowledgement for 'finding' it."[26] Strizich also suggested Palmer targeted him because of a prior confrontation he had with Palmer, during which he allegedly voiced his dislike of Strizich's litigious behavior.[27]

Strizich made no mention of the prior altercation with Palmer and made no claim that Palmer planted the crystalline substance until one month after the April 20, 2018, incident occurred. Although Strizich consistently maintained he did not possess methamphetamine, he also stated he believed Palmer initially acted reasonably given the circumstances. Strizich failed to timely file his grievance under set policy. No genuine dispute of fact is present.[28] Palmer is entitled to summary judgment as a matter of law.[29]

## II. Rule 59 Motion

Strizich's motion to alter a judgment or for reconsideration was brought under Fed. R. Civ. P. 59(e), which authorizes a judgment to be amended when (1) the judgment is based on manifest errors of law or fact, (2) the moving party presents newly discovered or previously unavailable evidence, (3) it is necessary to

---

[26] *Id.* at 16.
[27] *Id.*
[28] *See* Doc. 55.
[29] *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also*, Fed. R. Civ. P. 56(c).

5

prevent manifest injustice, or (4) there is an intervening change in controlling law,[30] none of which apply in this case.

Strizich argues his response to the motion for summary judgment was timely filed when delivered to prison authorities and, through no fault of his own, the prison staff failed to send out the document.[31] Upon examination of all factors, including (1) Strizich's response to the motion for summary judgment, (2) his statement of disputed facts, and (3) the merits of the arguments presented by both sides the Court concludes Palmer is entitled to summary judgment as a matter of law.

**ORDERED:**

1. Strizich's Motion to Alter or Amend the Judgment[32] is **DENIED**.

2. The Clerk of Court is directed to have the docket reflect that the Court **CERTIFIES** under Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. No reasonable person could suppose that an appeal would have merit.

DATED this 4th day of January, 2023.

*Sam S. Haddon*
Sam E. Haddon
United States District Court Judge

---

[30] *Turner v. Burlington N. Santa Fe. R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).
[31] Doc. 61 at 3–4.
[32] Doc. 61.