IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JORY STRIZICH,<br><br>             Plaintiff,<br><br>vs.<br><br>DUSTIN PALMER,<br><br>             Defendant. | CV 21–22–H–DWM<br><br>ORDER |

In 2021, Plaintiff Jory Strizich, a state prisoner, filed this action under 42 U.S.C. § 1983, alleging Defendant Dustin Palmer, a former correctional officer, violated Strizich's constitutional rights and state law when he deliberately fabricated evidence of drug possession and filed a false report in response to Strizich filing and threatening to file grievances and lawsuits. (Docs. 2, 79.) On April 3, Palmer moved for summary judgment. (Doc. 94.) Strizich opposes. (Doc. 100.) On April 9, 2025, Strizich sought to compel production of "any and all documents (including, but not limited to, incident reports, investigative reports, crime lab reports, emails, photographs, memoranda, and other documents) related to the April 19, 2018, discovery of a crystal substance inside a yellow coffee bag confiscated from inmates Christian Kraha and Rian Kvernes" ("Request No. 11"). (Doc. 99 at 1; Doc. 98.) Palmer opposes. (Doc. 103.) Because the parties are

1

familiar with the facts and procedural posture of the case, they will not be recounted here.

As it relates to the discovery dispute, following an unsuccessful meeting of the parties to resolve this issue, Strizich moves to compel production of the information in Request No. 11. (Doc. 99 at 1.) Palmer opposes disclosure on irrelevancy grounds. (Doc. 103 at 1.) Strizich's request is granted because Palmer has failed to demonstrate that the requested discovery is irrelevant, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 310 (D. Nev. 2019), or disproportionate to the needs of the case, *Nei v. Travelers Home & Marine Ins. Co.*, 326 F.R.D. 652, 656 (D. Mont. 2018). Because he is the one resisting production, Palmer bears the burden of demonstrating that the requested information is irrelevant, *see Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975), and must do so by "specifically detail[ing] the reasons why [the] request is irrelevant[,]" *V5 Techs.*, 334 F.R.D. at 310; (Doc. 103 at 3 (Palmer acknowledging this burden).). Palmer has failed to do so. Indeed, the Amended Complaint specifically alleges "the field tests used by [the Prison] commonly produce inaccurate results[,]" (Doc. 79 at ¶ 80), and Strizich's Statement of Disputed Facts disputes "what substance underwent the field test or where the substance came from[,]" (Doc. 102 at ¶ 9), and that the field test returned a presumptive positive for methamphetamine, (*id.* at ¶ 10). The incident between Kraha and Kvernes, which occurred the day before Palmer

allegedly fabricated evidence against Strizich, also returned a field-test result of false presumptive positive for methamphetamine. Thus, Palmer has not shown Request No. 11 is irrelevant to Strizich's claim of fabrication of evidence

The requested discovery is also proportional within the meaning of Rule 26(b).[1] Here, Palmer has not stated that his access to relevant information or his resources would pose a barrier to disclosure. And Palmer has already produced documents regarding the incident between Kraha and Kvernes and the resultant disciplinary actions against them. (Doc. 103 at 2, 8; Doc. 99-1.) As discussed above, the central issue in this case is the alleged fabrication evidence by a state official, and the discovery requested may be useful in resolving this issue. In the absence of a showing of undue burden, disclosure is warranted.

Based on the foregoing, IT IS ORDERED that Strizich's motion to compel, (Doc. 98), is GRANTED. The requested information must be promptly disclosed.

IT IS FURTHER ORDERED that, Palmer having raised qualified immunity as to Strizich's substantive due process claims in his Sur-Reply to summary

---

[1] In weighing the proportionality of a discovery request, a court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

judgment, (Doc. 108), Strizich will file a supplemental brief as to this issue not to exceed five pages on or before May 27, 2025.

DATED this 20th day of May, 2025.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court